IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| United States of America, | Cr. No. 4:97-866-CMC |
|---|---|
| v. | |
| Leon Brant | Opinion and Order |
| Defendant. | |

Defendant seeks relief in this court pursuant to 28 U.S.C. § 2255 and *Johnson v. United States*, 576 U.S. __, 135 S.Ct. 2551 (2015). ECF Nos. 260, 271. Defendant's original *pro se* motion argues that his 18 U.S.C. § 924(c) conviction should be vacated because his underlying offense fails to qualify as a "crime of violence." ECF No. 260. The Federal Public Defender filed a supplemental motion to vacate on July 20, 2016. ECF No. 271. The Government filed a motion to dismiss Defendant's § 2255 motion, citing only untimeliness as grounds to dismiss. ECF No. 275. Defense counsel filed a reply. ECF No. 276. This matter was held in abeyance pending the *en banc* decision of the Fourth Circuit in *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019), and the decision of the Supreme Court in *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019). After *Simms* and *Davis* were decided, the court entered an order requesting supplemental briefing from the parties. ECF No. 318. Defendant filed a supplemental brief in support (ECF No. 334) and the Government filed a response in opposition (ECF No. 336).

I.  **Background**

On March 18, 1998, Defendant was charged via Fourth Superseding Indictment with three counts: attempting to kill an individual with the intent to prevent his attendance and testimony in an official proceeding, in violation of 18 U.S.C. §§ 1512(a)(1) and 2 (Count 5); knowingly using

and carrying firearms during and in relation to a crime of violence, specifically, an attempt to kill another person with intent to prevent his attendance and testimony at an official proceeding, in violation of 18 U.S.C. § 924(c) (Count 6); and felon in possession of a firearm (Count 7). ECF No. 43. Defendant went to trial and was found guilty on all three counts. ECF No. 77.

On December 21, 1998, Defendant appeared for sentencing. Defendant was sentenced to 300 months, consisting of 240 months on Count 5, 120 months on Count 7, concurrent, and 60 months as to Count 6, to run consecutively. ECF No. 112. Defendant appealed his convictions and sentence, but the Fourth Circuit affirmed. ECF No. 149.

## II. <u>18 U.S.C. § 924(c)</u>

Title 18 U.S.C. § 924(c) provides that a defendant shall be subject to a consecutive sentence if he or she, "during and in relation to any crime of violence or drug trafficking crime. . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm. . . ." 18 U.S.C. 924(c).

The statute defines a "crime of violence" as:

an offense that is a felony and –
(A) has an element the use, *attempted use*, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3) (emphasis added). The first clause is known as the "force" clause, while the second is the "residual" clause. *United States v. Fuertes*, 805 F.3d 485, 498 (4th Cir. 2015).

The Fourth Circuit has held the residual clause of §924(c)(3)(B) is unconstitutionally vague and therefore void. *United States v. Simms*, 914 F.3d 229, 236 (4th Cir. 2019). However, the

2

mandate in *Simms* was held in abeyance pending the *Davis* decision in the Supreme Court, which would conclusively decide the issue.

On June 24, 2019, the Supreme Court decided the residual clause of § 924(c)(3)(B) is void for vagueness. *United States v. Davis*, 588 U.S. __, 139 S.Ct. 2319, 2336 (2019). In doing so, the Court rejected application of a case-specific approach for § 924(c) and applied the categorical approach. *Id.* at 2327-32.

### III.  Discussion

In his motion, Defendant argues his § 924(c) conviction cannot stand in the face of the *Johnson* reasoning because his underlying offense categorically fails to qualify as a crime of violence.[1] ECF No. 271. Specifically, he argues the *Johnson* reasoning invalidates the residual clause of § 924(c)(3)(B), and his conviction for attempting to kill another person with intent to prevent his attendance and testimony at an official proceeding cannot qualify via the force clause in § 924(c)(3)(A). *Id.*[2] His supplemental briefing argues the relevant question, given the decisions in *Davis* and *Simms*, is whether his conviction for attempting to kill in violation of 18 U.S.C.

---

[1] Defendant's *pro se* motion also argues his sentence should not have been enhanced due to the following predicate convictions: Burglary Second Degree, Assault and Battery, and Assault and Battery of a High and Aggravated Nature. ECF No. 260-1 at 10. However, it does not appear Defendant was sentenced as an Armed Career Criminal or a Career Offender. *See* PreSentence Report (no indication of Chapter Four Enhancements in Guideline calculation; lists statutory maximum penalty for felon in possession conviction as 10 years). Therefore, the court need not consider these arguments.

[2] In its initial response, the Government argued only that Defendant's § 2255 motions were untimely under § 2255(f)(3), and deferred further substantive argument for later briefing, if necessary. ECF No. 275. In his reply, Defendant argued his motion was timely, as it was filed within one year after the decision in *Johnson v. United States*, 576 U.S. __, 135 S. Ct. 2551 (2015). ECF No. 276.

3

§ 1512(a)(1)(A) can qualify as an underlying offense for a § 924(c) conviction under the force clause of § 924(c)(3)(A). ECF No. 334 at 2. Although the Fourth Circuit recently decided a violation of § 1512(a)(1) is a crime of violence under the force clause of § 924(c), Defendant argues his conviction was for *attempt* to kill, not actual killing, under § 1512(a)(1). *Id.*; *see United States v. Mathis*, 932 F.3d 242 (4th Cir. 2019). He contends attempting to kill someone can be accomplished in ways that do not involve the use, attempted use, or threatened use of force against another. ECF No. 334 at 2-3. He also argues an ambiguity in the jury charge means his § 1512(a)(1)(A) conviction cannot be for a crime of violence under the force clause, and because the jury charge included the residual clause, the jury verdict is infirm. *Id.* at 7.

The Government's supplemental briefing argues Defendant's conviction under § 1512(a)(1)(A) serves as an underlying offense for his § 924(c) conviction under the force clause. ECF No. 336 at 2. Relying on *Mathis*, the Government contends the Fourth Circuit has squarely answered the question whether a violation of § 1512(a)(1) qualifies under the force clause, even though *Mathis* did not address an attempt conviction, because the language of § 1512(a)(1) includes "attempt." *Id.* at 3. It further argues persuasive authority renders the attempted murder conviction a crime of violence under the force clause, even if the court finds *Mathis* does not control. *Id.* at 3-4. Finally, the Government submits Defendant's arguments regarding jury instructions and docket wording are without merit. *Id.* at 5-6.

  *a. <u>Analysis</u>*

The offense underlying Defendant's § 924(c) conviction is a violation of § 1512(a)(1)(A), which prohibits killing or attempting to kill another person to prevent attendance or testimony in an official proceeding. ECF No. 43. Section 1512(a)(1)(A) reads: "Whoever kills or *attempts to*

4

*kill* another person, with intent to – prevent the attendance or testimony of any person in an official proceeding . . . shall be punished as provided in paragraph (3)." (emphasis added). Paragraph (3) sets out different punishments for (A) a killing; (B) an attempt to murder or the use or attempted use of physical force against any person; and (C) threat of use of physical force against any person. § 1512(a)(3).

The elements of an attempt to kill under § 1512(a)(1) are: (1) an attempted killing; (2) committed with intent; (3) to prevent the attendance or testimony of any person in an official proceeding. *Fowler v. United States*, 563 U.S. 668, 672 (2011). Fourth Circuit precedent "defines generic attempt as requiring 1) culpable intent to commit the crime charged and (2) a substantial step towards the completion of the crime, which is consistent with the definition of attempt found in the Model Penal Code." *United States v. Dozier*, 848 F.3d 180, 186 (4th Cir. 2017).

The court finds Defendant's § 924(c) conviction properly rests upon his violation of § 1512(a)(1)(A) under the force clause of § 924(c)(3)(A). The Fourth Circuit has recently (after *Davis*) affirmed §924(c) convictions predicated on federal witness tampering by murder, in violation of § 1512(a)(1)[3]. *Mathis*, 932 F.3d at 263-65 (4th Cir. 2019).[4] In *Mathis*, the Fourth

---

[3] Although the defendants in *Mathis* were convicted of a violation of § 1512(a)(1)(C), which prohibits killing or attempting to kill another person to prevent communication to a law enforcement officer, the holding applies equally to § 1512(a)(1)(A), which prohibits killing or attempting to kill another person to prevent attendance or testimony in an official proceeding.

[4] *Mathis* held §1512(a) divisible, yet did not apply the modified categorical approach because the parties agreed and the record established the defendants were convicted of witness tampering by means of murder under § 1512(a)(1)(C). *Id.* at 265 n.21. Similarly, in the instant case, the parties agree and the Fourth Superseding Indictment and Judgment show Defendant was convicted of witness tampering by means of attempted murder in violation of § 1512(a)(1)(A).

Circuit rejected the defendant's argument that § 1512(a)(1) does not require the use or threatened use of force because the statute can be violated by using non-violent, indirect means, such as poisoning the victim. The court found this argument foreclosed by the Supreme Court's decision in *United States v. Castleman*, in which the Court held "physical force is simply force exerted by and through" human action and that, therefore, a person need not "directly" touch his victim to exert "physical force." *Id.* at 264-65 (citing *Castleman*, 572 U.S. 157, 170-71 (2014)). If the use of indirect or direct physical force can cause a violent result, the force used is categorically violent. *Id.* at 264-65 (citing *Castleman*, 572 U.S. at 170). Because witness tampering by murder requires an unlawful killing, a violent result, it is categorically violent. *Id.*

Defendant asserts the relevant element of his offense is that he attempted to kill another person, which does not limit the method of killing. Because a killing can be accomplished without the use of physical force, he argues the *Mathis* court's rejection of this argument in light of *Castleman* is erroneous. The court finds the *Mathis* court's holding dispositive of this issue: killing by indirect means is categorically violent because indirect or direct physical force can cause a violent result.

Although Defendant was convicted of attempt to kill in violation of § 1512(a)(1), instead of accomplishing the actual killing, § 924(c)(3)(A) is clear the attempted use of physical force qualifies as a crime of violence. Section 924(c)(3)(A) defines a crime of violence as "an offense

that is a felony and – (A) has an element the use, *attempted use*, or threatened use of physical force against the person or property of another.") (emphasis added).[5]

Several courts of appeals have held that an attempt to commit a crime that requires the use, attempted use, or threatened use of physical force is itself a "crime of violence" under § 924(c)(3)(A). *See United States v. St. Hubert*, 909 F.3d 335, 351-353 (11th Cir. 2018) (holding attempted Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A)); *Hill v. United States*, 877 F.3d 717, 718-19 (7th Cir. 2017) ("When a substantive offense would be a violent felony under § 924(c) and similar statutes, an attempt to commit that offense also is a violent felony."), *cert. denied*, __ U.S. __, 139 S. Ct. 352 (2018); *United States v. Armour*, 840 F.3d 904, 908-09 (7th Cir. 2016) (holding attempted armed bank robbery qualifies as a crime of violence under § 924(c)(3)(A)).

Defendant argues the substantial step required for an attempt conviction will not always involve an actual or threatened use of force and thus would not qualify under § 924(c)(3)(A). However, this court agrees with the circuits that have rejected this argument, finding that even if the completed substantial step falls short of actual or threatened force, the assailant has attempted to use actual or threatened force because he has attempted to commit a crime that would be violent if completed. *See St. Hubert*, 909 F.3d at 352 ("Given the statutory specification that an element

---

[5] In fact, the jury in Defendant's case was instructed that one of the essential elements the Government must prove as to Count 5 was that "[t]he defendant knowingly used physical force or attempted to do so against Carl Knight, a person identified in the indictment as a witness." Jury Charge at 1602.

of attempted force operates the same as an element of completed force, and the rule that conviction of attempt requires proof of intent to commit all elements of the completed crime, . . . an attempt to commit that offense is also a violent felony."); *Hill*, 877 F.3d at 718-19.[6]

The only difference between killing or attempting to kill another person is the success or failure of the effort. Therefore, once the elements of § 1512(a)(1)(A) by attempted killing are met by jury verdict or established via guilty plea, a defendant has been found guilty of an offense that has as an element the attempted use of physical force, as required by § 924(c)(3)(A).

A number of district courts in this circuit have considered whether attempting to kill in violation of § 1512(a)(1) is a crime of violence under the force clause of § 924(c), and have concluded it is. *Harris v. United States*, No. 2:12-232, 2019 WL 3548815, at *2-3 (D.S.C. Aug. 5, 2019) (decided days after *Mathis* was issued, but not citing *Mathis*); *United States v. Music*, No. 1:09CR00003, 2019 WL 2337392 at *5 (W.D. Va. July 11, 2019) (decided before *Mathis*); *see also West v. United States*, No. 2:09-cv-00052, 2019 WL 4132437 (S.D. W. Va. Aug. 29, 2019) (adopting Magistrate Judge's proposed Findings and Recommendation over objection) (Magistrate Judge's PF&R issued prior to *Mathis*, but decision adopting citing *Mathis*) (holding attempting to

---

[6] The court notes the Fourth Circuit's decision in *Simms* does not require a different result. In *Simms*, the court held conspiracy to commit Hobbs Act Robbery does not categorically qualify as a crime of violence under the force clause of § 924(c)(3)(A). The court concluded because conviction for conspiracy requires only proof of an agreement to commit actions that, if carried out, would violate the Hobbs Act, such an agreement would not invariably require the actual, attempted, or threatened use of physical force. *Simms*, 914 F.3d at 233-34. Unlike conspiracy, attempt to kill a witness in violation of § 1512(a)(1) requires a substantial step. And even if that step falls short of actual or threatened force, the assailant has attempted to use actual or threatened force because he has attempted to commit a crime that would be violent if completed. *Mathis*, 932 F.3d at 264-65.

8

kill under §1512(a)(1)(C) is a crime of violence under § 924(c)(3)(A)). This court agrees with the resolution of those cases. Section 1512(a)(1)(A) has as an element the use or attempted use of physical force, thereby satisfying the force clause of § 924(c)(3)(A). Therefore, Defendant's § 924(c) conviction properly rests upon his underlying §1512(a)(1) conviction.[7]

## IV. Conclusion

Defendant's challenge to his conviction under § 924(c) fails because his underlying offense qualifies as a crime of violence under the § 924(c) force clause. Therefore, Defendant's § 2255 motions challenging his § 924(c) conviction (ECF Nos. 260, 271) are denied.[8]

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

---

[7] The court finds Defendant's remaining arguments unavailing. *See* ECF No. 334 at 7. Defendant argues his conviction under §1512(a)(1) is ambiguous because the docket references manslaughter instead of murder; however, the controlling documents in the case (the Indictment and Jury Charge) clearly show Defendant was charged with attempt to kill, which tracks the language of the statute at § 1512(a)(1). In addition, the fact that the jury was also instructed with the residual clause language of § 924(c) does not mean the conviction under § 1512(a)(1)(A) is not a crime of violence under the force clause. *See United States v. Winston*, 850 F.3d 677, 680 (4th Cir. 2017) ("[E]ven though the residual clause is void, the force clause and the enumerated clauses remain valid as defining the scope of a predicate violent felony.").

[8] The Government's motion to dismiss (ECF No. 275), based solely on untimeliness, is moot.

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

                                                  s/Cameron McGowan Currie
                                                  CAMERON MCGOWAN CURRIE
                                                  Senior United States District Judge

Columbia, South Carolina
September 18, 2019